RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
CHRISTOPHER S. ATWOOD, IDAHO STATE BAR NO. 7013
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

APR 14 2021

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OLIVER YARDLEY,<br><br>Defendant. | Case No. CR 21-119 -S BLW<br><br>**INDICTMENT**<br><br>18 U.S.C. § 2<br>18 U.S.C. § 922(g)(1)<br>21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 846<br>21 U.S.C. § 853 |
|---|---|

The Grand Jury charges:

### COUNT ONE

**Distribution of Methamphetamine**
**18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) and (b)(1)(B)**

On or about August 26, 2019, in the District of Idaho, the defendant, OLIVER YARDLEY, did knowingly and intentionally distribute five grams or more of actual methamphetamine, a Schedule II controlled substance, and aided and abetted the same, in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

**INDICTMENT - 1**

## COUNT TWO

**Distribution of Methamphetamine**
**18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) and (b)(1)(B)**

On or about August 28, 2019, in the District of Idaho, the defendant, OLIVER YARDLEY, did knowingly and intentionally distribute five grams or more of actual methamphetamine, a Schedule II controlled substance, and aided and abetted the same, in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT THREE

**Distribution of Methamphetamine**
**18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) and (b)(1)(B)**

On or about September 6, 2019, in the District of Idaho, the defendant, OLIVER YARDLEY, did knowingly and intentionally distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and aided and abetted the same, in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT FOUR

**Conspiracy to Distribute Methamphetamine**
**21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846**

On or between August 26, 2019, and September 6, 2019, in the District of Idaho, the defendant, OLIVER YARDLEY, knowingly and intentionally conspired and agreed with another person with the initials A.C., to commit the following offense against the United States: to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846.

## COUNT FIVE

### Unlawful Possession of Firearms
### 18 U.S.C. § 922(g)(1)

On or about September 6, 2019, in the District of Idaho, the defendant, OLIVER YARDLEY, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, possession of a controlled substance, entered on or about March 7, 2005, in case number CR-FE-2004-1468, in Fourth Judicial District Court for the State of Idaho, County of Ada, did knowingly possess firearms, that is, a Ruger, Model P90, .45 ACP caliber pistol, bearing serial number 661-44857, and a Cobra Enterprises of Utah, Model CA-380, .380 caliber pistol, bearing serial number CP093917, said firearms having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

### CRIMINAL FORFEITURE ALLEGATION
### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offenses alleged in Counts One, Two, Three, and Four of this Indictment, the defendant, OLIVER YARDLEY, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>. The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense (if

facilitation is alleged), but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 13th day of April, 2021.

A TRUE BILL

/s/ [signature on reverse]

FOREPERSON

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:

_____
CHRISTOPHER S. ATWOOD
ASSISTANT UNITED STATES ATTORNEY

INDICTMENT - 4