UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLIVER YARDLEY,<br><br>Defendant. | Case No. 1:21-cr-00119-BLW<br><br>**REPORT AND<br>RECOMMENDATION** |

On August 25, 2021, Defendant Oliver Yardley appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement.  (Dkt. 24).  The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Prior to Defendant's arraignment on April 26, 2021, the Government moved for detention. At Defendant's arraignment, an order of temporary detention was entered and a detention hearing was set. A detention hearing was held on April 29, 2021, before Magistrate Judge Ronald E. Bush. The Government stated it would withdraw its motion for detention, provided additional conditions of release were imposed, which included location monitoring and other conditions. The Court denied the Government's motion for detention and released Defendant on several conditions, which included maintaining employment; submission to testing for prohibited substances; curfew; location monitoring; and no contact with persons known to be engaged in criminal activity, or who are using or possessing any controlled substances. (Dkt. 14, 15.)

On May 27, 2021, Pretrial Services filed a Release Status Report and Proposed Modification of Conditions. (Dkt. 18.) Pretrial Services reported at that time that Defendant was abiding by all conditions of pretrial release, and requested that Defendant's location monitoring and curfew conditions be removed. The Government

**REPORT AND RECOMMENDATION - 2**

agreed to the proposed modification, and the Court ordered the conditions of release be modified to remove the location monitoring and curfew requirements.

On August 24, 2021, Pretrial Services filed a Release Status Report with the Court. (Dkt. 27.) Pretrial Services reports Defendant has not been entirely compliant with the terms of supervision. Pretrial Services reports that Defendant has maintained employment; submitted to drug testing; and has not tested positive for illegal substances or alcohol. However, Pretrial Services reports that Defendant has not been compliant with conditions of pretrial supervision prohibiting contact with persons known to be engaged in criminal activity.

Pretrial Services received a report that, on August 21, 2021, law enforcement officers witnessed Defendant at a Vagos motorcycle rally, and Defendant was observed wearing Vagos clothing and making obscene gestures towards law enforcement officers. Pretrial Services reports that the Vagos is widely known as an outlaw motorcycle club and has a history of organized crime. Although law enforcement officers did not witness Defendant consuming alcohol or using illegal substances, Pretrial Services is concerned that Defendant may be associating with individuals involved in criminal activity. Pretrial Services has no concern with Defendant's continued release, provided that the conditions of pretrial supervision be modified to prohibit any contact with any members of the Vagos Motorcycle Club, and to prohibit possession of any items representing or showing affiliation with the Vagos Motorcycle Club.

At the time of the plea hearing, the Government stated that it did not oppose

**REPORT AND RECOMMENDATION - 3**

Defendant's continued release pending sentencing, provided Defendant agrees to the additional conditions of pretrial release recommended by Pretrial Services. The Government further indicated that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

As proffered by Defendant's counsel in writing (Dkt. 28) and at the hearing, Defendant has maintained full-time employment during pretrial release sufficient to provide for himself, his spouse, and his two stepsons. His eldest stepson is currently undergoing treatment for Leukemia, and Defendant has been providing care and assistance to his stepsons. This includes ensuring his eldest stepson receives necessary medical care and attends medical appointments.

Although Defendant's spouse assists with the care of her two children, she was charged in *United States v. Cates*, 1:20-cr-00213-DCN, and sentenced on August 3, 2021, by Chief District Judge David C. Nye. Judge Nye allowed Ms. Cates to voluntarily surrender to start her sentence, and she was recently ordered to report on August 31, 2021. Although Ms. Cates is seeking an extension to the report date, the outcome of the request is uncertain at this time. Without Ms. Cates, Defendant's presence in the home is necessary to ensure his eldest stepson gets to his medical appointments and receives necessary treatment, and so that Defendant can finalize arrangements for the care of the two children while both he and Ms. Cates are incarcerated.

Defendant's employer submitted a letter of support, attached as an exhibit to the written proffer. (Dkt. 28-1.) According to Defendant's employer, Defendant is

**REPORT AND RECOMMENDATION - 4**

dependable and possesses skills such that the employer considers Defendant "an indispensable employee" who will be difficult to replace.

Defendant does not oppose the imposition of the additional conditions of release pending sentencing recommended by Pretrial Services.

Upon consideration of the totality of the circumstances presented in this case, including modification of the conditions of release to include the additional recommendations of the Pretrial Services Officer, and the disruption in the care and support of Defendant's two step-sons and to Defendant's employment that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

**REPORT AND RECOMMENDATION - 5**

# RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      The District Court accept Defendant Oliver Yardley's plea of guilty to Count 1 of the Indictment (Dkt. 1);

2)      The District Court order forfeiture consistent with Defendant Oliver Yardley's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 24);

3)      The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts 2, 3, 4, & 5 of the Indictment (Dkt. 1) as to Defendant; and

4)      The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release and Modifications thereto, with the addition of conditions prohibiting Defendant from having contact with any members of the Vagos Motorcycle Club and from possessing any items representing or showing affiliation with the Vagos Motorcycle Club, as ordered at the conclusion of the plea hearing. (Dkt. 15, 18, 27.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 25, 2021

CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 7**